HEWITT vs. THE MONTCLAIR RAILWAY COMPANY
and others.

1. An adjournment of a sale of real estate under a public statute, for any period not exceeding one week, need not be advertised in the newspapers. A formal adjournment of the sale from week to week is sufficient.

2. Application to set aside master's sale refused, no improper control of complainant's solicitor over the adjournments, nor any surprise upon the petitioner, appearing; nor that any greater price could be obtained upon a re-sale, or that a re-sale could in any way benefit the petitioner.

On order to show cause why master's sale should not be set aside. On petition and affidavits.

*Mr. John Linn*, for petitioner, William A. Guest.

*Mr. Cortlandt Parker*, for purchaser.

THE CHANCELLOR.

Under the *fieri facias* for sale of the mortgaged premises in this cause, the master to whom the execution was directed, sold the premises at public auction on the 18th of December, 1874, to the complainant, the highest bidder, for $3000. The amount due the complainant, who was the holder of the second mortgage, on the execution, was $887,790, besides interest and costs. The property was sold subject to the first mortgage, which was for over $2,000,000. It appears that the mortgaged premises are regarded as of far less value than the amount of the first mortgage. The petitioner, William A. Guest, was the owner of the property subject to the mortgages, he having bought it at a sale made by the receivers. He asks that the sale may be set aside on three grounds: *First,* that the adjournments were not legally advertised; *Second,* that they were not legally announced; and, *Third,* that the master, in adjourning the sale from time to time, acted by

direction of the complainant's solicitors. As to the first objection: it appears that on the day fixed for sale in the original advertisement, the sale was adjourned for four weeks and that that adjournment was duly advertised in the newspapers. The sale was then adjourned from week to week from that time till the day of sale, but the adjournments were not advertised. The petitioner insists that each of these adjournments should, according to law, have been advertised in the newspapers, arguing that the legislature intended that if a sale be adjourned for over one week beyond the day fixed for sale in the original advertisement, all subsequent adjournments, for whatever period, must be advertised in the newspapers. The language of the act (*Nix. Dig.* 866, § 67,) on this point is : " and if said sale shall be adjourned for more than one week, said adjournments shall be published in said two newspapers," &c. The meaning clearly is, that if any adjournment be for a longer period than one week, notice of it shall be published in the newspapers, and, by necessary implication, any adjournment for a period not to exceed one week need not be so advertised. The legislature did not deem it necessary to require advertisement in the newspapers on adjournments from day to day, or for a period of a very few days merely, so that it did not exceed a week. Of such adjournments, those interested in the sale or desiring to purchase at it would not require a reminder. It is enough to say that the legislature has not provided that adjournments which do not exceed one week shall be advertised in the newspapers.

The second objection is that the adjournments were not legally announced. I do not deem it necessary to refer to the testimony of the master on this head. I do not perceive that he was in any wise remiss in his duty in this particular, or that the requirements of the law in this respect, were not fully complied with. Nor do I find in the testimony above alluded to, which is all the evidence which has been produced on the subject of the conduct of the sale, any ground for setting aside the sale because of any improper control by the complainant's solicitors over the adjournments.

It appears from the testimony, that there was no surprise upon the petitioner, for there was an arrangement between his solicitor and the master, for the convenience of the petitioner and his solicitor to relieve them from the necessity of repeated attendances, that the master should inform one of them when the sale would take place, and that he accordingly notified the solicitor on the 9th of December, that the sale might take place on the 11th of that month. The petitioner's solicitor attended accordingly on the last mentioned day, when the sale was adjourned to the 18th of December, and on that day he attended and bid on the property. It is not alleged that any greater price could be obtained for the property on a re-sale, or that a re-sale could in any way benefit the petitioner. I am unable to see any ground for granting the prayer of the petition. The order to show cause will, therefore, be discharged, and the petition be dismissed, with costs.